JOURNAL ENTRY AND OPINION
Appellant Thomas Garvin appeals in these consolidated appeals from an order of the juvenile court terminating his parental rights to two twin children, Thomas Garvin, Jr. and Thomasina Garvin.
These cases began on February 3, 1998, when the Cuyahoga County Department of Children and Family Services ("CCDCFS") filed neglect and dependency complaints. The complaints were filed approximately three months after the birth of the two infants and alleged as follows:
 1. Thomas and Thomasina were born prematurely. Mother [Jeanette Simpson] admits to using crack cocaine while pregnant with the children.
 2. Mother and Alleged father neglects or refuses to provide the children with proper or necessary medical care for their health and well being. Parents failed to take the children to three out of five doctor's appointments; thereby placing the children behind in their immunizations and at risk of harm.
 3. Mother has a history of drug abuse and involvement with CCDCFS. The mother has had seven other children that are not in her custody. Five of the children have been adopted and two are in the Permanent custody of the CCDCFS (Case Nos. 9014286-87).
 4. Mother and alleged father have inappropriate housing in which to care for the children. The family is residing in a one-room dwelling that is roach infested and in deplorable condition.
 5. Mother has mental health issues that prevent her from providing adequate care and support for the children. Mother has been diagnosed with depression.
 6. The children are in need of a legally secure placement which can only be achieved through a grant of Permanent Custody to CCDCFS.
On April 27, 1998, mother, pro se and with guardian ad litem, and father, represented by counsel, appeared at a hearing. At the outset of the hearing, counsel for CCDCFS proposed to amend paragraphs two and six of the complaint. Past tense verbs "neglected" and "refused" were substituted for present tense "neglects" or "refuses". Paragraph six was amended to delete the phrase "which can only be achieved through a grant of Permanent Custody to CCDCFS".
Appellant's trial counsel thereafter stated that defendant admitted to the amended complaint. The mother and her guardian ad litem stated that she also admitted the allegations in the amended complaint. The juvenile court accepted the admissions, found the children neglected and dependent, and scheduled the matter for a disposition hearing to give appellant three additional weeks to satisfy requirements of his case plan.
On May 22, 1998, the matter proceeded to a disposition hearing. CCDCFS presented testimony from five witnesses. Cleveland Police officer Shamode Wimberly testified that she was called to respond to the children's residence. Appellant believed the mother was attempting to drown the two children in a bathroom and asked a neighbor to call the police. When Officer Wimberly responded to the call, the mother came out of the bathroom and told her everything was "Ok". Wimberly called the kids hotline because the residence was roach infested and extremely messy, with a hole in the ceiling above the infants' bed, and the mother exhibited signs of recent illegal drug use.
MetroHealth pediatric social worker Kathy Mahoney testified that the premature infants were not subsequently brought in for at least three of five scheduled doctor's appointments. Mahoney never saw appellant, but the mother repeatedly appeared, usually without the children, seeking diapers or groceries because she had no money.
Northeast Ohio Health Services social worker Wilma Miles testified that she met the infants' mother in February after CCDCFS had custody of the children. Miles referred the mother for counseling, but she never showed up for her appointments.
CCDCFS intake social worker Erica Denson said that she provided groceries for the family and referred the mother for drug screening and parenting education. The mother did not appear for the screening.
CCDCFS social worker Wallisa Sheehy testified concerning the mother's long history of prior proceedings with CCDCFS. In addition to the two infants involved in these cases at bar, the mother had seven other children. CCDCFS had been granted permanent custody of at least six of these other children. Moreover, neither appellant nor the mother had completed any of the five-part case plan to (1) obtain drug and alcohol counseling, (2) find appropriate housing, (3) undergo mental health counseling, (4) attend parenting classes, and (5) establish the paternity of appellant. Appellant and the mother visited the children only twice in the entire period of temporary custody.
The mother had two drug abuse convictions for which she was imprisoned, and a prior shoplifting conviction to support her drug habit. Sheehy stated appellant did not complete his mental health counseling or alcohol assessment or obtain new housing despite his commitment to do so at the conclusion of the prior hearing when he admitted the allegations in the complaint. Sheehy stated her opinion that it was in each infant's best interest that permanent custody be granted to CCDCFS.
The juvenile court granted CCDCFS permanent custody and terminated the parents' rights. The trial judge stated, "I've heard nothing that would suggest to me that either of you [the parents] are going to at any time in any foreseeable future be in a position to provide an adequate and good home for these kids". The court's journal entry in each case states in part as follows:
 THE COURT, HAVING RECEIVED THE APPROPRIATE REPORTS, FINDS THAT THE CHILDREN'S CONTINUED RESIDENCE IN OR RETURN TO THEIR HOME WOULD BE CONTRARY TO THEIR BEST INTEREST AND WELFARE. UPON FURTHER CONSIDERATION, THE COURT FINDS BY CLEAR AND CONVINCING EVIDENCE THAT IT IS IN THE BEST INTEREST OF THE CHILDREN TO GRANT PERMANENT CUSTODY TO THE CUYAHOGA COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES AND THAT REASONABLE EFFORTS BY CCDCFS TO PREVENT REMOVAL OF THE CHILDREN FROM THEIR HOME WERE MADE AND THE CHILDREN ARE NOT ABANDONED OR ORPHANED. THE COURT FURTHER FINDS THAT THE CHILDREN CANNOT BE PLACED WITH THEIR PARENT(S) WITHIN A REASONABLE TIME OR SHOULD NOT BE PLACED WITH THEIR PARENT(S) FOR THE FOLLOWING REASONS: FOLLOWING THE PLACEMENT OF THE CHILDREN OUTSIDE THE HOME, THE PARENT(S) HAS FAILED CONTINUOUSLY AND REPEATEDLY FOR A PERIOD OF SIX (6) MONTHS OR MORE TO SUBSTANTIALLY REMEDY THE CONDITIONS CAUSING THE CHILDREN TO BE PLACED OUTSIDE THE HOME.
Appellant, represented by new appellate counsel, timely appeals raising four assignments of error. The mother has filed no appeal.
Appellant's first assignment of error follows:
 THE TRIAL COURT ERRED IN GRANTING PERMANENT CUSTODY WHERE CLEAR AND CONVINCING EVIDENCE OF THE FATHER'S UNSUITABILITY WAS NOT PRESENTED.
This assignment lacks merit.
Appellant contends there was not sufficient evidence presented to the juvenile court to support the termination of his parental rights.
R.C. 2141.414(E) governs the termination of parental rights and provides in pertinent part as follows:
 In determining * * * whether a child cannot be placed with either parent within a reasonable period of time or should not be placed with the parents, the court shall consider all relevant evidence. If the court determines, by clear and convincing evidence, * * * that one or more of the following exist as to each of the child's parents, the court shall enter a finding that the child cannot be placed with either parent within a reasonable time or should not be placed with either parent:
 (1) Following the placement of the child outside the child's home and notwithstanding reasonable case planning and diligent efforts by the agency to assist the parents to remedy the problems that initially caused the child to be placed outside the home, the parent has failed in determining whether the parents have substantially remedied those conditions, the court shall consider parental utilization of medical, psychiatric, psychological, and other social and rehabilitative services and material resources that were made available to the parents for the purpose of changing parental conduct to allow them to resume and maintain parental duties.
See In re William S. (1996), 75 Ohio St.3d 95, 98 (applying a prior version of this statute).
The trial court found that this statutory factor existed in the case at bar. The court specifically found that appellant failed continuously and repeatedly to substantially remedy the conditions causing the two children to be placed outside the home. Our review of the record leads us to conclude that there is sufficient evidence to support the trial court's finding, by the requisite clear and convincing evidence.
Neither parent fulfilled the conditions of the case plan. The record shows that appellant sought to keep the children in the same inadequate housing they were taken from. Moreover, appellant refused even to participate in psychological evaluation. Even if appellant was prevented from completing his drug and alcohol assessment because of the $10 per month cost as he contends, he has not explained why he failed to complete other aspects of his case plan.
Under the circumstances, the trial court could properly find that appellant failed continuously and repeatedly to substantially remedy the conditions which caused the children to be removed from the home. Appellant did not dispute that he failed to use at least some of the services offered to him for the purpose of helping him resume his parental duties.
Accordingly, appellant's first assignment of error is overruled.
Appellant's second assignment of error follows:
 THE TRIAL COURT DID NOT COMPLY WITH JUVENILE RULE 29(D) IN ACCEPTING ADMISSIONS TO THE AMENDED COMPLAINT.
This assignment lacks merit.
Appellant argues in three sentences of his brief for the first time on appeal that the juvenile court did not adequately explain his rights and determine the voluntariness of his admission before he appeared with counsel and admitted the allegations in the adjudicatory hearing.[1]
The record shows that appellant was served with a summons and complaint in the two cases at bar. The summons stated that an adjudication of neglect may result in a permanent termination of custody. At the initial hearing on the complaints, the juvenile court fully explained the neglect charges and each parent's legal rights.
Specifically, the court explained the right to counsel, to have witnesses testify under oath, to cross-examine witnesses, to present witnesses, and to testify themselves. The court explained that, depending upon the evidence presented, after trial it might find the charges to be proved or not proved. The court stated that admitting the allegations waived the right to trial and would result in finding them to be proved. The court thereafter explained what would occur at a separate dispositional hearing.
The court specifically asked appellant whether he had any questions. Appellant stated he had none. The court concluded the hearing, appointed counsel for appellant, and scheduled the matter for an adjudicatory hearing.
On the date scheduled for the adjudicatory hearing, appellant appeared with appointed counsel. At the outset of the hearing, counsel for CCDCFS stated that the parties had reached an agreement. In return for certain amendments to the complaints, appellant and the mother agreed to admit the amended allegations. The trial court discussed the proposed amendments with appellant's counsel and counsel stated that appellant agreed to admit to the allegations in the amended complaint. The court ultimately accepted the admissions and found the children to be neglected and dependent. The court then agreed to schedule the dispositional hearing at a later date pursuant to the parties' agreement.
Appellant complains that the juvenile court did not "strictly comply" with Juv.R. 29(D) and discuss the admission with him personally. However, the standard governing the entry of admissions at adjudicatory hearings is substantial compliance, not strict compliance. After reviewing the record in accordance with this standard, we find that appellant has failed to show reversible error.
The record shows that the juvenile court explained in detail appellant's rights to him personally. Appellant specifically advised the court that he had no questions. The explanation of rights provided sufficient information for appellant to make a fully informed, knowing, voluntary, and intelligent admission to the charges in the complaints.
Accordingly, appellant's second assignment of error is overruled.
Appellant's third assignment of error follows:
 THE PROCEEDINGS SHOULD BE VOIDED ON THE BASIS OF INEFFECTIVE ASSISTANCE OF COUNSEL.
This assignment lacks merit.
Appellant contends that his trial counsel was ineffective because she did not call any witnesses at the dispositional hearing and did not object to the admission into evidence of the case plan. After reviewing the record, we find that appellant has failed to show deficient performance by counsel or any resulting prejudice to support a finding of ineffective assistance of counsel. See In re Nicholson (Jan. 27, 2000), Cuyahoga App. Nos. 75533, 75534, 75535, 75536, 75537, 75538 and 75539, unreported at p. 3.
This was a simple case. Five CCDCFS witnesses testified that appellant and the mother did not comply with the case plan. Appellant's counsel cross-examined witnesses. Her strategy was to provide grounds to mitigate appellant's failure to make the required progress. The trial court had already denied counsel's pre-trial motion for a continuance for more time so that appellant could complete the case plan. It is not clear what more counsel could have done.
Appellant has not shown that counsel declined to permit any witnesses to testify who had favorable testimony to offer. Moreover, CCDCFS social worker Sheehy specifically testified about the terms of the case plan. Questions were raised about when appellant had notice of the plan. Appellant signed it on March 16, 1998, and the document was admissible for the non-hearsay purpose of showing when he received notice. Even if CCDCFS offered the document to prove the terms of the plan, the material appears to be admissible under Evid.R. 803(6) business records and/or Evid.R. 803(8) public records hearsay exceptions. See In re Knipp (Mar. 28, 1983), Scioto App. No. 1388, unreported. Finally, even if the document were not admissible, as appellant now argues, no prejudice resulted because the information is merely cumulative.
Accordingly, appellant's third assignment of error is overruled.
Appellant's fourth assignment of error follows:
 THE TRIAL COURT ERRED IN CONDUCTING PROCEEDINGS WITHOUT THE GUARDIAN AD LITEM FOR THE CHILDREN BEING PRESENT.
This assignment lacks merit.
Appellant argues that the guardian ad litem for the children was not present during the dispositional hearing. The record shows that approximately half-way through the hearing, the guardian was excused by the trial court, without objection by any party. It is not clear from the transcript whether she returned during the trial. However, at the conclusion of the case the trial court referred to the written recommendations that she had filed in the case.
Appellant waived any claim of error by failing to object to the guardian ad litem's temporary absence from the proceedings. Under the circumstances, we decline to find plain error because there is no reason to conclude that the outcome of the trial would have been different if the guardian had not been temporarily absent. Each witness who testified at trial provided testimony that undermined appellant's case. Quite frankly, there was little or no favorable testimony. Even if the guardian in fact missed the last half of the proceedings as appellant argues, there was no favorable testimony presented that would have changed her prepared typewritten recommendation.
Accordingly, appellant's fourth assignment of error is overruled.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Juvenile Court Division of the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 _______________________________ DIANE KARPINSKI, PRESIDING JUDGE
TIMOTHY E. McMONAGLE, J. and KENNETH A. ROCCO, J., CONCUR.
[1] He also mentions alleged violations of the mother's rights. Because appellant has shown no standing to assert violations of her rights, we decline to address such arguments, or any of his other claims concerning her alleged rights.